# Exhibit 19

*Michael C. Vaccaro, Esq. - 008441999*
***KEARNS DUFFY & VACCARO, P.C.***
*3648 Valley Road, P.O. Box 56*
*Liberty Corner, New Jersey 07938*
*(908) 647-7773*
***Attorneys for Plaintiff***
Our File No.: 12248-V

| | |
|---|---|
| 141 MAIN STREET PATERSON, LLC by their subrogee STATE FARM FIRE AND CASUALTY COMPANY, <br><br>Plaintiff, <br><br>v. <br><br>FLY E-BIKE COMPANY; FLYFLS, INC.; TRANSPRO US, INC.; JOHN DOES 1-10; ABC CORPS. 1-10; and XYZ INSURANCE COMPANIES 1-10, <br><br>Defendants. | Superior Court Of New Jersey <br> Law Division: Passaic County <br> Docket No.: <br><br>*Civil Action* <br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, 141 Main Street Paterson, LLC by their subrogee State Farm Fire and Casualty Company ("Plaintiff"), by way of complaint against Defendants, Fly E-Bike Company; FLYFLS, Inc.; Transpro US, Inc.; John Does 1-10; ABC Corporations 1-10; and XYZ Insurance Companies 1-10, alleges as follows:

## PARTIES

1. Plaintiff is an Illinois corporation, with their principal places of business at 1 State Farm Plaza, Bloomington, Illinois.

2. At all relevant times, Plaintiff was authorized to provide insurance in New Jersey as described herein.

3. At all times relevant hereto, Plaintiff's insured, 141 Main Street Paterson, LLC, was the owner of the real property commonly known as 141 Main Street, Paterson, New Jersey ("the subject property").

4. As a result of claims made on said policy, Plaintiff became subrogated to certain recovery rights and interests of its insured, i.e., for monies paid per the policy, including the claims asserted in this action.

5. At all relevant times herein, the Defendant, Fly E-Bike Company, was and is a corporation authorized to do business in the State of New Jersey and had a principal place of business located at 136-40 39th Avenue, Queens, New York.

6. Upon further information and belief, Defendant, Fly E-Bike Company, held themselves out to be a business competent in the design, manufacture, distribution, sale, marketing, delivery, installation, and otherwise placing into the stream of commerce consumer products, including electronic bicycles and related paraphernalia, including but not limited to battery packs and associated chargers, at issue in this case ("the Product").

7. At all relevant times herein, the Defendant, FLYFLS, Inc., was and is a corporation authorized to do business in the State of New Jersey and had a principal place of business located at 136-40 39th Avenue, Queens New York.

8. Upon further information and belief, Defendant, FLYFLS, Inc., held themselves out to be a business competent in the design, manufacture, distribution, sale, marketing, delivery, installation, and otherwise placing into the stream of commerce consumer products, including electronic bicycles and related paraphernalia, including but not limited to battery packs and associated chargers, at issue in this case ("the Product").

9. At all relevant times herein, the Defendant, Transpro US, Inc., was and is a corporation authorized to do business in the State of New Jersey and had a principal place of business located at 209 Mclean Boulevard, Paterson, New Jersey.

10. Upon further information and belief, Defendant, Transpro US, Inc., held themselves out to be a business competent in the design, manufacture, distribution, sale, marketing,

2

delivery, installation, and otherwise placing into the stream of commerce consumer products, including electronic bicycles and related paraphernalia, including but not limited to battery packs and associated chargers, at issue in this case ("the Product").

11. At all relevant times herein, the Defendants, John Does 1-10, ABC Corporations 1-10 and/or XYZ Insurance Companies 1-10, represent any entities whose identities are unknown and cannot be ascertained at this time, who designed, manufactured, distributed, sold, marketed, delivered, installed, or otherwise participated in placing the Product, or some component part thereof, into the stream of commerce in its defective condition.

## STATEMENT OF FACTS

12. Plaintiff repeats and realleges each and every paragraph above as if set forth at length herein.

13. Prior to September 10, 2022, the subject Product and its component parts, including the battery pack and associated charger, had been designed, manufactured, assembled, distributed, marketed, sold and/or otherwise put into the stream of commerce by Defendants.

14. On or about September 10, 2022, the Product, including the battery pack and charger, malfunctioned and failed catastrophically, resulting in a fire which caused severe and significant property damage to Plaintiff's insured's premises.

15. The above-described product manufactured, designed and/or assembled by Defendants was defective in the manufacture or design, said defect being in existence at the time the product was placed into the stream of commerce by said Defendants.

16. The property damage to Plaintiff's insured's premises was a direct and proximate result of the defect, design, and/or manufacture of the Product.

## COUNT I – NEGLIGENCE

17. Plaintiff repeats and realleges each and every paragraph above as if set forth at length herein.

18. Plaintiff's insured's damages were the direct and proximate result of the negligence of Defendants, by and through their employees, agents, technicians, vendors, subcontractors, and/or servants, as is more specifically described below:

   a. failing to exercise reasonable care by…

      (1) failing to manufacture, assemble, sell, design, transport, distribute, install, and/or market a properly functioning product and its component parts (including battery pack and charger);

      (2) failing to properly inspect, assemble, install, and/or test the product and/or its component parts (including battery pack and charger);

      (3) failing to properly determine that the product and its component parts (including battery pack and charger) were not in compliance with applicable standards;

      (4) failing to provide safe and adequate use and/or handling warnings or instructions with the product and its component parts (including battery pack and charger); and/or

      (5) designing, manufacturing, marketing, distributing, installing, assembling, and/or selling the product and its component parts (including battery pack and charger) when Defendants knew or should have known that it and its component parts (including battery pack and charger) would be inadequate for the reasons for which purchased.

   b. failing to adequately instruct, supervise, and/or train servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks set forth in subparagraph (a)(1-5);

   c. failing to adequately warn Plaintiff's insured and others of the dangers and hazardous conditions resulting from the (mis)conduct set forth in subparagraph (a)(1-5) above;

   d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a)(1-5) above;

   e. failing to properly monitor the work of all agents, subcontractors, and/or employees during the performance of the tasks set forth in subparagraph (a)(1-5) above to ensure compliance with applicable safety procedures;

4

    f. failing to retain competent, qualified and/or able subcontractors, agents, employees, and/or servants to perform the tasks set forth in subparagraph (a)(1-5) above;

    g. failing to perform the tasks set forth in subparagraph (a)(1-5) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendants' manufacture and sale of the product and its component parts (including battery pack and charger).

19. As a direct and proximate result of such negligence, the above-described fire occurred whereby Plaintiff's insured sustained and incurred damages, as well as the imposition of additional expenses and hardships.

20. As described herein, Plaintiff became subrogated to certain of its insured's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for compensatory damages plus lawful interest, costs of suit, reasonable attorney's fees and other such relief as the Court may deem appropriate.

## COUNT II – STRICT LIABILITY

21. Plaintiff repeats and realleges each and every paragraph above as if set forth at length herein.

22. Defendants are engaged, and at all relevant times were engaged, in the business of, inter alia, designing, assembling, manufacturing, selling, distributing, delivering, installing, marketing, and/or otherwise placing into the stream of commerce, inter alia, products such as the product and its component parts (including battery pack and charger).

23. Defendants designed, manufactured, marketed, distributed, tested, sold, and/or otherwise placed into the stream of commerce the product and its component parts (including

5

battery pack and charger) in a defective condition, unreasonably dangerous to consumers and others.

24. Defendants knew or should have known that the product and its component parts (including battery pack and charger) would, and did, reach consumers without substantial change in the condition in which originally designed, manufactured, assembled, distributed, installed and sold.

25. The aforementioned defects consisted of:

   a. design defects;
   b. manufacturing defects;
   c. component defects;
   d. use and/or handling-instruction and/or warnings defects; and/or
   e. failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe-use and safe- installation instructions.

26. As a direct and proximate result of such defects, the above-described fire occurred whereby Plaintiff's insured sustained and incurred damage to their property, as well as the imposition of additional expenses and harms.

27. For these reasons, Defendants are strictly liable to Plaintiff's insured for the damages described herein under N.J.S.A. 2A:58C, as well as the applicable statutory and case law of Pennsylvania.

28. As described herein, Plaintiff became subrogated to certain of its insured's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE,** plaintiff demands judgment against the Defendants for compensatory damages plus lawful interest, costs of suit, reasonable attorney's fees and other such relief as the Court may deem appropriate.

## COUNT THREE – BREACH OF IMPLIED WARRANTY

29. Plaintiff repeats and realleges each and every paragraph above as if set forth at length herein.

30. At the time of distributing, installing and/or selling the product and its component parts (including battery pack and charger), Defendants had reason to know the particular purpose for which they would be used, and knew that their skill and judgment were being relied upon to furnish a suitable product and its component parts (including battery pack and charger).

31. Thus, Defendants breached the implied warranty of fitness for a particular purpose as set out in N.J.S.A. 2A:58C, in that the product and its component parts (including battery pack and charger) were not fit for the particular purpose for which such products/components are required.

32. In addition, Defendants breached the implied warranty of merchantability as set out in N.J.S.A. 2A:58C, in that the product and its component parts (including battery pack and charger) were not fit for the ordinary uses for which such products/components are used.

33. The fire and Plaintiff's insured's consequent damages occurred as a direct and proximate result of Defendants' breach of its implied warranties of fitness for a particular purpose and merchantability as set out in N.J.S.A. 2A:58C.

34. As described herein, Plaintiff became subrogated to certain of its insured's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE**, plaintiff demands judgment against the Defendants for compensatory damages plus lawful interest, costs of suit, reasonable attorney's fees and other such relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of six (6) persons on all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, Michael C. Vaccaro is hereby designated as trial counsel on behalf of plaintiff.

## NOTICE PURSUANT TO RULE 1:5-1(a) AND RULE 4:17-4(c)

Take notice that the undersigned attorney does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party, including documents, papers, deposition transcripts and other material referred to therein, upon the undersigned attorney. Take notice that this is a continuing demand.

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to Rule 4:17-1(b)(1), demand is hereby made for the defendants to answer Product Liability Interrogatories pursuant to Court Rules.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)

Plaintiff certifies the matter in controversy is not currently the subject of any other action currently pending in the Superior Court of New Jersey or any other Court. There are currently no pending arbitration proceedings and none are contemplated at this time. Plaintiff further certifies all parties known to plaintiff at this time who should be joined in this action are made a part hereof.

KEARNS DUFFY & VACCARO, P.C.
Attorneys for Plaintiff

BY: _____
MICHAEL C. VACCARO

DATED: October 5, 2023