# Exhibit 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
EVELYN MORALES, VICTOR FERNANDEZ,
JASMINE RIVERA, as mother and natural guardian of         Index No.:
V.F,, an infant, JASMINE RIVERA, as mother and natural    Date Filed:
guardian of K.F., an infant, JASMINE RIVERA,
individually, IZABELLE GONZALEZ, as proposed
administrator of CHRISTOPHER VALENTINE, deceased,         **SUMMONS**

                        Plaintiff(s),

    -against-

FLY E-BIKE, INC., FLY E-BIKE, BRONX, INC, FLY E-
BIKE CORP., FLY E-BIKE WESTCHESTER AVE.,
BRONX,. and FLY WING E-BIKE,

                        Defendant(s).
------------------------------------------------------------------X

**To The Above Named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is statutory

The incident occurred at 1720 Watson Avenue, Bronx, NY

Dated: New York, New York
        September 13, 2022

                                                            Yours, etc.,

                                                            *Robert Vilensky*

                                                            Robert Vilensky
                                                           RONEMUS & VILENSKY
                                                           Attorneys for Plaintiff(s)
                                                           112 Madison Avenue, 2nd Floor
                                                           New York, New York 10016
                                                           (212) 779-7070

DEFENDANT'S ADDRESSES

FLY E-BIKE, INC., FLY E-BIKE, BRONX, INC, FLY E- BIKE BK, INC. , FLY E-BIKE CORP., FLY E-BIKE WESTCHESTER AVE BRONX,. FLY WING E-BIKE

2001 Westchester Ave Bronx, NY 10461
2264 Grand Ave Bronx, NY 10453
91-02 Corona Ave, Queens, NY, 11373
13640 39th Ave, Queens, New York 11354, US

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
EVELYN MORALES, VICTOR FERNANDEZ, JASMINE RIVERA, as mother and natural guardian of V.F,, an infant, JASMINE RIVERA, as mother and natural guardian of K.F., an infant, JASMINE RIVERA, individually, IZABELLE GONZALEZ, as proposed administrator of CHRISTOPHER VALENTINE, deceased,

    Index No.:
    Date Filed:

    **VERIFIED COMPLAINT**

                           Plaintiff(s),

    -against-

FLY E-BIKE, INC., FLY E-BIKE, BRONX, INC, FLY E-BIKE CORP., FLY E-BIKE WESTCHESTER AVE., BRONX,. and FLY WING E-BIKE,

                           Defendant(s).

-------------------------------------------------------------------X

Plaintiffs, by their attorneys RONEMUS & VILENSKY, complaining of the defendants herein, respectfully shows to the Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION AS TO ALL PLAINTIFFS AGAINST ALL DEFENDANTS

1. That this action falls within one or more of the exemptions set forth in CPLR §1602.

2. That at all times herein mentioned, defendant FLY E-BIKE, INC., was an entity doing business in the state of New York.

3. That at all times herein mentioned, defendant FLY E-BIKE, BRONX, INC., was an entity doing business in the state of New York.

4. That at all times herein mentioned, defendant FLY E-BIKE, CORP., was an entity doing business in the state of New York.

5. That at all times herein mentioned, defendant FLY E-BIKE, WESTCHESTER AVE., BRONX., was an entity doing business in the state of New York.

6. That at all times herein mentioned, defendant FLY WING E-BIKE, was an entity doing business in the state of New York.

7. At all times herein mentioned, defendant FLY E-BIKE, INC. sold electric scooters and/or bikes and batteries.

8. At all times herein mentioned, defendants FLY E–BIKE, BRONX, INC. sold electric scooters and/or bikes and batteries.

9. At all times herein mentioned, defendant FLY E-BIKE, CORP. sold electric scooters and/or bikes and batteries.

10. At all times herein mentioned, defendant FLY E-BIKE, WESTCHESTER AVE., BRONX. sold electric scooters and/or bikes and batteries.

11. At all times herein mentioned, defendant FLY WING E-BIKE, sold electric scooters and/or bikes and batteries.

12. At all times herein mentioned, defendant FLY E-BIKE, INC. distributed electric scooters and/or bikes and batteries.

13. At all times herein mentioned, defendant FLY E-BIKE, BRONX, INC distributed electric scooters and/or bikes and batteries.

14. At all times herein mentioned, defendant FLY E-BIKE, CORP. distributed electric scooters and/or bikes and batteries.

15. At all times herein mentioned, defendant FLY E-BIKE, WESTCHESTER AVE., BRONX, distributed electric scooters and/or bikes and batteries.

16. At all times herein mentioned, defendant FLY WING E-BIKE, distributed electric scooters and/or bikes and batteries.

17. At all times herein mentioned, defendant FLY E-BIKE, INC. had retail stores in Bronx County, City and State of New York.

18. At all times herein mentioned, defendant FLY E-BIKE, BRONX, INC. had retail stores in Bronx County, City and State of New York.

19. At all times herein mentioned, defendant FLY E-BIKE, CORP., had retail stores in Bronx County, City and State of New York.

20. At all times herein mentioned, defendant FLY E-BIKE, WESTCHESTER AVE., BRONX had retail stores in Bronx County, City and State of New York.

21. At all times herein mentioned, defendant FLY WING E-BIKE. had retail stores in Bronx County, City and State of New York.

22. At all times herein mentioned, defendants sold battery packs dangerous and otherwise inappropriate for use on certain electronic scooters.

23. At all times herein mentioned, defendants sold electric scooters and/or bikes and batteries that were dangerous and otherwise inappropriate for use.

24. At all times herein mentioned, defendants were a distributor of battery packs dangerous and otherwise inappropriate for use on certain electronic scooters.

25. That defendants had notice of the danger in using said battery packs on said electronic scooters.

26. That defendants had notice of the danger in using said electric scooters and/or bikes and batteries.

27. That despite notice of the danger, defendants distributed and sold said inappropriate and dangerous battery packs to be used on said electric scooters.

28. That despite notice of the danger, defendants distributed and sold said inappropriate and dangerous electric scooters and/or bikes and batteries.

29. That defendants failed to warn consumers of the danger of said electric scooters and/or bikes and batteries.

30. That on January 12, 2021, and at all times herein mentioned, a premises existed in the County of Bronx, City and State of New York with the address of 1720 Watson Avenue, Bronx, NY. (herein referred to as "the subject premises.")

31. That at all times herein mentioned, and on January 12, 2021, there was a massive fire at the premises, which generated black, thick smoke and resulted in injuries to the plaintiffs herein and destroyed property and the premises.

32. That upon information and belief, the fire was caused and/or enhanced by electric scooters and/or electric bikes and batteries.

33. At all times herein mentioned, the electric scooters and/or bikes and batteries causing the aforementioned fire were purchased at defendants' retail shop.

34. That no negligence on the part of the plaintiffs contributed to the occurrence alleged herein in any manner whatsoever.

35. That the aforementioned fire was caused as a result of the lack of due care, carelessness, negligence and willful, wanton and reckless conduct of defendants in the testing, inspection, warning, selection and specification of component parts and materials, assembly, selling, distribution, and marketing of the aforementioned electric scooters and/or bikes and batteries.

36. That because of the defendants' negligence, each individually named plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, each individually named plaintiff was and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

37. That because of the above stated fire and the negligence of the defendants, each individually named plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of the subject matter herein, and each individually named plaintiff demands judgment against the defendants in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION FOR PRODUCTS LIABILITY ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS

38. Plaintiff repeats and realleges each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth at length herewith.

39. At all times herein mentioned and prior thereto, defendants were the manufacturer of electric scooters and/or bikes and batteries (hereinafter "the product").

40. At all times herein mentioned and prior thereto, defendants were the retail seller of the product.

41. At all times herein mentioned and prior thereto, defendants were the distributor of the product.

42. At all times herein mentioned and prior thereto, defendants assembled the product.

43. At all times herein mentioned and prior thereto, defendants placed the product into the stream of commerce.

44. That the aforementioned fire was caused, was contributed to and/ or enhanced as a result of the lack of due care, carelessness, negligence and willful, wanton and reckless conduct of the defendants in the aforementioned manufacture, design, testing, inspections, warnings, selection and specification of component parts and materials, misfeasance, nonfeasance, and/or malfeasance, the aforementioned product.

45. That because of the defendants' negligence, each individually named plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, each individually named plaintiff was and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

46. That because of the above stated fire and the negligence of the defendants herein, each individually named plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction

of the subject matter herein, and each individually named plaintiff demands judgment against the defendants in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action.

## AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF EVELYN MORALES

47. Plaintiff repeats and realleges each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth at length herewith.

48. That on January 12, 2021, plaintiff EVELYN MORALES was lawfully at the subject premises when the said fire ignited.

49. That because of the defendants' negligence, plaintiff, EVELYN MORALES was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

50. That as a result of the forgoing plaintiff EVELYN MORALES' personal property was damaged and/or destroyed.

51. That as a result of the loss and damage of personal property, plaintiff EVELYN MORALES has been caused to incur and will continue to incur expenses.

52. That as a result of the forgoing plaintiff EVELYN MORALES was caused to be injured and demands judgment against all the defendants in a sum of money

having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, all together with interest, costs and disbursements of this action.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VICTOR FERNANDEZ

53. Plaintiff repeats and realleges each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth at length herewith.

54. That on January 12, 2021, plaintiff VICTOR FERNANDEZ was lawfully at the subject premises when the said fire ignited.

55. That because of the defendants' negligence, plaintiff, VICTOR FERNANDEZ was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

56. That as a result of the forgoing plaintiff VICTOR FERNANDEZ' personal property was damaged and/or destroyed.

57. That as a result of the loss and damage of personal property, plaintiff VICTOR FERNANDEZ has been caused to incur and will continue to incur expenses.

58. That as a result of the forgoing plaintiff VICTOR FERNANDEZ was caused to be injured and demands judgment against all the defendants in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction of this matter, all together with interest, costs and disbursements of this action.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF JASMINE RIVERA, individually, and JASMINE RIVERA, as mother and natural guardian of K.F., an infant

59. Plaintiff repeats and realleges each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth at length herewith.

60. That plaintiff JASMINE RIVERA is the mother and natural guardian of K.F., an infant.

61. That on January 12, 2021, plaintiff JASMINE RIVERA was lawfully at the subject premises when the said fire ignited.

62. That on January 12, 2021, infant plaintiff K.F. was lawfully at the subject premises when the said fire ignited.

63. That because of the defendants' negligence, plaintiff, JASMINE RIVERA was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

64. That because of the defendants' negligence, infant plaintiff K.F. was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries

plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

65. That as a result of the forgoing plaintiff JASMINE RIVERA's personal property was damaged and/or destroyed.

66. That as a result of the forgoing infant plaintiff K.F.s personal property was damaged and/or destroyed.

67. That as a result of the loss and damage of personal property, plaintiff JASMINE RIVERA has been caused to incur and will continue to incur expenses.

68. That as a result of the forgoing plaintiff JASMINE RIVERA as mother and natural guardian of K.F. an infant, and JASMINE RIVERA individually, was caused to be injured and demands judgment against all the defendants in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, all together with interest, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION FOR LOSS OF SERVICES ON BEHALF OF PLAINTIFF JASMINE RIVERA

69. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

70. That plaintiff JASMINE RIVERA at all times did support and provide for the infant plaintiff K.F.

71. That by reason of the negligence the defendants, their agents, servants and employees as aforesaid and the injuries resulting to said infant K.F. plaintiff has caused to incur and expend and still continues to expend and incur monies for medical treatment, care and attend in her endeavor to cure her child of the injuries as aforesaid; that this plaintiff is informed and believes that her child will continue to suffer pain and inconvenience in the future and because of the injuries it will make it necessary to incur and expend money for similar purposes in the future and that this plaintiff will be deprived of the comfort, companionship and services of said infant all to her damage in an amount in excess of all lower courts which would otherwise have jurisdiction over the subject matter.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF JASMINE RIVERA FOR LOSS OF SERVICES

72. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

73. That at all times herein mentioned, plaintiff JASMINE RIVERA was a lawfully wedded wife of plaintiff VICTOR FERNANDEZ.

That due to the foregoing, plaintiff JASMINE RIVERA lost the services, society and consortium of her husband.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF VICTOR FERNANDEZ FOR LOSS OF SERVICES

74. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

75. That at all times herein mentioned, plaintiff VICTOR FERNANDEZ was a lawfully wedded husband of plaintiff JASMINE RIVERA.

76. That due to the foregoing, plaintiff VICTOR FERNANDEZ lost the services, society and consortium of his wife.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF VICTOR FERNANDEZ FOR LOSS OF SERVICES

77. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

78. That plaintiff VICTOR FERNANDEZ is the father and natural guardian of infant plaintiff K.F.

79. That plaintiff VICTOR FERNANDEZ at all times did support and provide for the infant plaintiff K.F.

80. That plaintiff VICTOR FERNANDEZ at all times did support and provide for the infant plaintiff K.F.

81. That by reason of the negligence the defendants, their agents, servants and employees as aforesaid and the injuries resulting to said infant K.F., plaintiff has caused to incur and expend and still continues to expend and incur monies for medical treatment, care and attend in his endeavor to cure his child of the injuries as aforesaid; that this plaintiff is informed and believes that his child will continue to suffer pain and inconvenience in the future and because of the injuries it will make it necessary to incur and expend money for similar purposes in the future and that this plaintiff will be deprived of the comfort, companionship and services of said infant all to his damage in an amount in excess of all lower courts which would otherwise have jurisdiction over the subject matter.

## IZABELLE GONZALEZ, as proposed administrator of
## CHRISTOPHER VALENTINE, deceased

82. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

83. That at all times herein mentioned plaintiff IZABELLE GONZALEZ, as proposed administrator of the estate of CHRISTOPHER VALENTINE, deceased, was a resident of Bronx, NY.

84. That on January 12, 2021, CHRISTOPHER VALENTINE died.

85. That plaintiff IZABELLE GONZALEZ filed an application for Letters of Administration with the Surrogate Court of Bronx County. Said application is currently pending court approval for plaintiff's appointment as administrator of the estate of CHRISTOPHER VALENTINE.

86. That on January 12, 2021, plaintiff's decedent CHRISTOPHER VALENTINE was lawfully at the subject premises when the said fire ignited.

87. That because of the defendants' negligence, plaintiff's decedent CHRISTOPHER VALENTINE was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur expenses for medical care and attention; and, as a further result, plaintiff's decedent was and will continue to be rendered unable to perform his normal activities and duties and has sustained a resultant loss therefrom.

88. That as a result of the forgoing plaintiff's decedent CHRISTOPHER VALENTINE's personal property was damaged and/or destroyed.

89. That as a result of the loss and damage of personal property, plaintiff's decedent CHRISTOPHER VALENTINE has been caused to incur expenses.

90. That as a result of the forgoing plaintiff's decedent CHRISTOPHER VALENTINE was caused to be injured and demands judgment against all the defendants in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, all together with interest, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACION FOR WRONGFUL DEATH ON BEHALF OF IZABELLE GONZALEZ, as proposed administrator of CHRISTOPHER VALENTINE, deceased**

91. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

92. Plaintiff's decedent CHRISTOPHER VALENTINE died as a result of the negligence of the defendants, their agents, servants, licensees and employees.

93. Plaintiff's decedent is survived by next of kin and distributees.

94. As a result of the foregoing wrongful death, the decedent's next of kin and distributes lost the services, income, support and guidance of the decedent.

95. As a result of the foregoing wrongful death, decedent's estate became liable for and expended money for funeral costs and other expenses.

96. As a result of the foregoing wrongful death, decedent's next of kin and distributes suffered pecuniary damage pursuant to the New York State Estates, Powers and Trust Law in a sum in excess of all lower courts which would otherwise have jurisdiction over the subject matter.

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 09/15/2022

Case 1:25-cv-01405-LDH-RML   Document 1-20   Filed 03/12/25   Page 18 of 19 PageID #: 330

**WHEREFORE**, Plaintiffs demand judgment against all Defendants, on each and every Cause of Action, in the form of compensatory damages for their pain and suffering, loss of enjoyment of life, loss of support, wrongful death, and economic loss, in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction in the matter. Plaintiffs further demand punitive damages on all causes of action, in an amount to be determined by the trier of fact, together with attorney's fees, and together with costs and disbursements.

Dated: New York, New York
       September 13, 2022

                                              Yours, etc.,


                                              *Robert Vilensky*
                                              Robert Vilensky
                                              RONEMUS & VILENSKY
                                              Attorneys for Plaintiff(s)
                                              112 Madison Avenue, 2nd Floor
                                              New York, New York 10016
                                              (212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
September 13, 2022

*Robert Vilensky*
Robert Vilensky