## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UL LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>FLY-E GROUP, INC., a Delaware corporation, FLY E-BIKE, INC., a Delaware corporation, FLYBWY, INC., a New York corporation, FLYCYCLE, a New York corporation, ZHOU OU a/k/a "ANDY", an individual, RUI FENG a/k/a "RICKY", an individual, and RUIFENG GUO a/k/a "STEVEN", an individual, JOHN DOES 1-10, individuals, and ABC CORPORATIONS 1-10, entities,<br><br>    Defendants. | CASE NO. 1:25-cv-01405-LDH-RML<br><br><br>JURY TRIAL DEMANDED |

## <u>CONSENT JUDGMENT AND PERMANENT INJUNCTION</u>

Plaintiff UL LLC ("UL") and Defendants Fly-E Group, Inc. ("Fly-E Group"), Fly E-Bike, Inc. ("Fly E-Bike"), FlyBwy, Inc., ("FlyBwy"), FlyCycle, Inc., ("FlyCycle), Zhou "Andy" Ou, Rui "Ricky" Feng, Ruifeng "Steven" Guo (collectively "Defendants'") have agreed to enter into a stipulated Consent Judgment and Permanent Injunction, as part of a Settlement Agreement.

This order is made with reference to the following facts, which Defendants admit:

1.  This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3.     UL has the exclusive right to the marks ⓊⓁ (Reg. No. 782,589), ⓊⓁ (Reg. No. 2,391,140), ⓊⓁ CERTIFIED (Reg. No. 4,283,960) and UL® (Reg. No. 4,201,014), among other similar trademark registrations (collectively, the "UL Marks").

4.     UL certifies the goods of others using UL Marks, following evaluation and testing by UL.

5.     UL, as owner of the UL Marks, has the exclusive rights to enforce the UL Marks and to file suit in federal court for counterfeiting, trademark infringement, unfair competition, and related state statutory and common law claims.

6.     Defendants have offered for sale and sold several types of products promoted in association with UL Marks including several models of electric bikes, electric scooters, and electric motorcycles (the "Accused Products"), which have not been tested and certified by UL. Defendants maintain that the Accused Products were certified by labs unaffiliated with UL.

7.     Defendants did not have a relationship with UL, and UL has not authorized Defendants to use the UL Mark in association with the Accused Products.

8.     Defendants had reason to know that they did not have authorization to use the UL Marks. UL previously notified Defendants on multiple occasions that they did not have authorization to use the UL Marks in association with the promotion of the Accused Products.

9.     Defendants and their respective directors, officers, employees, affiliates and subsidiaries have ceased and desisted from offering for sale, selling, and/or distributing any products promoted in association with any counterfeit UL Marks.

10.   The parties have entered into a settlement agreement, and as part of that settlement agreement have stipulated to this Consent Decree and Permanent Injunction.  The Court has

reviewed and considered, and hereby approves, the stipulated Consent Decree and Permanent Injunction.

It is hereby ORDERED that Defendants are found liable for using in commerce counterfeit UL Marks in connection with the offering for sale, sale and distribution of goods, in violation of 15 U.S.C. § 1114. Defendant stipulates to a judgment in the amount of $1,000,000, and judgment in that amount is hereby entered against each of Defendants, jointly and severally.

It is hereby ORDERED, pursuant to Federal Rule of Civil Procedure 65, that Defendants and their respective officers, agents, servants, employees, and attorneys, and all others in active concert or participation therewith, are hereby enjoined and restrained from:

(i) imitating, copying, or making any other infringing use of the UL Marks;

(ii) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the UL Marks;

(iii) using any false designation of origin or false description or statement that can or is likely to lead the trade or public or individuals erroneously to believe that any good has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for UL, when such is not true in fact;

(iv) using any reproduction, counterfeit, copy, or colorable imitation of the UL's Marks, including but not limited to its famous certification mark, in connection with the manufacture, importation, sale, offering for sale, or distribution of goods in the United States, which goods in fact are not certified by UL or are not genuine UL certified products, which such use is likely to cause confusion, or to cause mistake, or to deceive;

(v) committing any other acts reasonably calculated to cause users to believe that Defendants' products are authorized or certified by UL, when in fact such products are not authorized or certified by UL;

(vi) passing off any goods that are not authorized by UL as being certified, approved, or authorized by UL; and

(vii)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (vi), inclusive.

Nothing in the Order shall prohibit Defendants, or any of their officers, agents, servants, employees, and those persons in active concert or participation with Defendants from distributing, selling, or offering to sell products bearing genuine UL Marks.

IT IS FURTHER ORDERED that the Court will retain jurisdiction of this action for one (1) year, for purposes of enforcement of the parties' settlement agreement.

**SO ORDERED.**

DATED:  June 6, 2025

s/ **LDH**

Honorable LaShann **De**Arcy Hall, U.S.**D**.J.
United States District Judge